Filed 9/22/16  P. v. Valerio CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H043341 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1366998) |
| v. | |
| GEORGE BARRON VALERIO, | |
| Defendant and Appellant. | |

Defendant George Barron Valerio appeals the trial court's postjudgment order disqualifying him from further participation in a Proposition 36 (the Substance Abuse and Crime Prevention Act of 2000) drug treatment program and ordering him to serve a jail term.  Defendant had pleaded no contest to one felony count of possession of a controlled substance (methamphetamine) (Health & Saf. Code, § 11377, subd. (a)).  The court suspended imposition of sentence and granted defendant two years' probation in accordance with the provisions of Proposition 36 and Penal Code section 1210.1.  Defendant has appealed the original judgment in a separate appeal (case No. H041564).

While on Proposition 36 probation, defendant tested positive for methamphetamine ten times and admitted three separate violations of probation based on those positive drug tests.  After defendant admitted his third probation violation, the court disqualified him from further Proposition 36 probation services, and imposed a 60-day jail term, with probation to end upon his release from jail.  The appeal in this case is from that order.

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), which stated the case and the facts but raised no specific issues on appeal. We notified defendant of his right to submit written argument on his own behalf within 30 days. The 30 days have elapsed, and we have received no written argument from defendant. After reviewing the entire record, we will conclude there is no arguable issue on appeal and we will affirm the order terminating defendant's Proposition 36 probation and sentencing him to 60 days in jail.

## FACTS AND PROCEDURAL HISTORY[1]

On September 25, 2013, defendant was a passenger in a car driven by "Mr. Honeycutt." Santa Clara Police Officer Luke Erickson made a traffic stop after he noticed the car's license plate was not properly illuminated and the driver was moving erratically inside the car. During the traffic stop, Officer Erickson pat searched defendant and found 0.63 grams of methamphetamine (a usable amount) in one of defendant's pants pockets. Defendant has a long history of drug use, with prior drug convictions in 2000 and successful completion of a drug rehabilitation program in 2001.

After his motions to suppress were denied, defendant pleaded no contest to one felony count of possession of methamphetamine (former Health & Saf. Code, § 11377, subd. (a)). In September 2014, pursuant to the parties' plea agreement, the court suspended imposition of sentence and placed defendant on two years' probation under the provisions of Proposition 36 and Penal Code section 1210.1

---

[1] Some of the facts and procedural history is based on the record in case No. H041564. To add background and context to the issues presented here, we have taken judicial notice of the record in that case on our own motion. (Evid. Code, §§ 452, subd. (d), 459.)

In October 2014, defendant appealed the original judgment. In that appeal (case No. H041564), he challenges the denial of his motions to suppress.

Also in October 2014, defendant started a Proposition 36 drug treatment program. On November 6, 2014, defendant was arraigned on an alleged violation of his Proposition 36 probation. While the nature of the violation is not clear in the record, it appears to have been based on defendant's failure to obtain a drug test on October 27, 2014, as ordered by the court, and to provide proof that he was attending the twelve-step meetings ordered by the court. These allegations were later dropped.

In December 2014, the court granted defendant's motion to reduce his offense to a misdemeanor under Proposition 47.

Defendant tested positive for methamphetamine in December 2014 and March 2015. (Further date references are to events in 2015.) At a review hearing on March 26, defendant was arraigned on a violation of probation based on the positive drug tests, which the court designated as Violation No. 1. Defendant admitted the violation. The court found the allegation true and continued defendant on Proposition 36 probation. That same day, defendant tested positive for methamphetamine.

Defendant again tested positive for methamphetamine on April 15 and 16. Defendant failed to appear for a review hearing on April 23. The court revoked probation, issued a bench warrant, stayed execution of the warrant, and continued the review hearing to May 7. When defendant failed to appear on May 7, the bench warrant issued.

On August 6, defendant voluntarily entered a detoxification program and contacted his probation officer. He left the program a few days later after his roommate talked about using and selling drugs. Defendant contacted his probation officer and was directed to outpatient services. Defendant appeared for a review hearing on August 26.

At that time, he was charged with a second violation of probation for his failure to appear on May 7, and probation remained revoked.

On September 3, defendant told the court he was trying to get back into a residential treatment program. The court reinstated defendant's Proposition 36 probation and ordered defendant to obtain a drug test that day. Defendant complied with the order and tested positive for methamphetamine. He also produced a positive test on September 10. On September 15, the probation officer asked the court to find a violation of probation based on defendant's positive drug tests on September 3 and 10, and the fact that he had discontinued detoxification services in August. The court denied that request at that time and ordered defendant to contact detoxification services daily. Defendant again tested positive on September 17.

At a review hearing on September 24, the court modified defendant's probation, ordered defendant to obtain detoxification services, and ordered the Department of Alcohol and Drug Services to do everything possible to get defendant into a program. Defendant entered a detoxification program on September 29, completed the program on October 5, and was referred for outpatient services.

Defendant appeared for review hearings on October 8, 15, and 22; he was participating in his drug treatment program. On October 22, defendant was arraigned on alleged violations of his probation that appear to have been based on his three positive drug tests in September 2015, which the court designated as Violation No. 2. Defendant admitted the violation; the court found the allegation true and continued defendant on Proposition 36 probation.

On November 12 and 24, defendant tested positive for methamphetamine. On December 2, the probation officer filed a petition to modify probation, recommending that defendant be arraigned on a third violation of probation and disqualified from further Proposition 36 services. On December 10, defendant admitted he violated probation by

4

testing positive for methamphetamine.  The court found the allegation true, modified probation, and disqualified defendant from further Proposition 36 services.  On December 14, the court imposed a 60-day jail sentence, with credit for four days served (two actual days and two days conduct credits).

## DISCUSSION

We have independently reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436.  Based upon that review, we conclude there is no arguable issue on appeal.  The trial court did not abuse its discretion when it revoked defendant's Proposition 36 probation based on multiple violations of his probation—which included ten positive drug tests—and sentenced defendant to a jail term.

Nothing in this opinion is intended to reflect on the issues raised in defendant's pending appeal in case No. H041564.

## DISPOSITION

The court's December 14, 2015 order is affirmed.

_____
Grover, J.

**WE CONCUR:**


_____
Rushing, P.J.



_____
Walsh, J.[*]



*People v Valerio*
H043341

---

[*]Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.